

**Amber S. Finch**
Direct Phone:  +1 213 457 8046
Email:  afinch@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
+1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

February 4, 2020

**By ECF Filing**

Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square; Courtroom: 1305
New York, NY 10007

RE:   *Roc Nation, LLC v. HCC International Insurance Company, PLC*; Case No.: 1:19-cv-00554

Dear Judge Engelmayer:

We write pursuant to Local Civil Rule 37.2 and Rule 2(c) of your honor's individual rules to address three discrete discovery disputes that require Court intervention. The parties met and conferred on January 24, 2020, but efforts to resolve these disputes were unsuccessful.

As the Court is aware, Roc Nation brought this claim after HCC refused timely to pay to Roc Nation the amount due to it under a "Key Person" policy, insuring against the risk of loss from Mr. Feldstein's death in December 2017.  Although Roc Nation has been routinely providing its records to HCC over the course of its two year claim investigation, Roc Nation has only had the opportunity to request information and documents from HCC in this litigation.  HCC, however, is going to great lengths to maintain its informational advantage over Roc Nation by refusing to produce documents and responses to interrogatories that go to the core defenses and claims at issue here.  The Court should, respectfully, put an end to HCC's stonewalling and order the production of the documents and information sought by Roc Nation so this case can proceed apace.

1.   **HCC's Refusal to Calculate the Claim Based on Records Produced in Discovery**

The central dispute in this matter is: what does the insurance policy require HCC to pay to Roc Nation upon the death of Jordan Feldstein (the key insured person under the policy).  Roc Nation asked HCC to disclose its position on this core issue in Roc Nation's Interrogatory Number 9:

> Identify in detail the formula YOU contend must be used to calculate the value of ROC NATION'S CLAIM.

After several boilerplate and improper objections, HCC responded as follows:

| | |
|---|---|
| Amount claimed by Plaintiff | $10,759,869 |
| Less interim good faith payment already made by HCC to Plaintiff | -$1,176,595 |
| | =$9,583,274 |
| Less revenue from artists formerly of CAM that remained with Plaintiff: | -$unknown |
| Plus extra expenses to manage artists formerly of CAM that remained with Plaintiff: | +$unknown |

Hon. Paul A. Engelmayer
February 4, 2020
Page 2



| Less revenue due to Plaintiff under the Termination Agreement: | -$unknown |
|---|---|
| Plus extra expense | +$unknown |
| **Total** | **$unknown** |

Thus, of the seven inputs HCC contends is necessary to arrive at a calculation of Roc Nation's claim amount, HCC has refused to provide monetary values for four of them, claiming that such information is "unknown." Roc Nation requested that HCC supplement this response with actual numbers based on the financial disclosures Roc Nation has already made. HCC, however, refuses to do so, and claims that it had no obligation to provide actual numbers because the request only asked for a "formula." In the Parties' January 24 meet and confer, Roc Nation asked HCC to identify specific information that it required to fill in any "unknown" amounts. HCC responded that did not know, might never know, and would not supplement its response even if additional information were provided.

HCC's position is baseless. Fed. R. Civ. Proc. ("FRCP") 33(b)(3) requires HCC to answer the interrogatory fully.[1] The general categories of inputs are already known to Roc Nation and have been discussed in connection with settlement attempts, and therefore, the interrogatory is clearly seeking specific financial calculations. Presumably, this is how HCC read the request when responding, since the second column includes a calculation (presumably based on known information at the time). HCC is required to supplement incomplete interrogatory responses under FRCP 26(e).

Finally, HCC has other, non-discovery obligations to calculate Roc Nation's claim as an insurer. The policy itself requires HCC to pay Roc Nation's claim in a timely manner after a reasonable investigation. The New York State Unfair Claims Settlement Practices Act also requires HCC to

> [attempt] in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear[…]. [NY Ins. L. § 2601(a)(4) (2015); *see also* 11 N.Y.C.R.R.§ 216.6.]

This obligation requires HCC to attempt to calculate Roc Nation's claim. Where, as here, there is no substantive dispute to coverage, the law requires HCC to attempt "prompt, fair and equitable" claim settlements, which it cannot do without adjusting Roc Nation's claim based on all new information.

HCC's position is concerning since it has propounded hundreds of requests on Roc Nation and non-parties based on the premise that it needs additional financial information to calculate Roc Nation's claim. HCC first represented that it was asking for financial information from Roc Nation and other entities in order to calculate Roc Nation's claim [*see, e.g.*, ECF Nos. 57, 70]. Now, however, HCC admits that it will not recalculate the claim even with additional information. It is unclear whether HCC intends to rely on ***any*** of the subpoenaed information to value Roc Nation's claim. Roc Nation requests that HCC be compelled to supplement its response to Interrogatory No. 9 pursuant to FRCP 33(b) and 26(e).

2. **HCC's Improper Redactions of a Responsive Underwriting Policy**

In response to Roc Nation's request for a production of underwriting policies and procedures, HCC produced a responsive document titled "Accident & Health Portfolio; Underwriting & Rating Guidelines."

---

[1] FRCP 33(b)(3)("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

Hon. Paul A. Engelmayer
February 4, 2020
Page 3



HCC has agreed to provide its underwriting policies and procedures, which show what information HCC sought, and how HCC underwrote the risk of loss before the claim.  However, HCC almost entirely redacted 14 out of the document's 30 total pages.  *See* Exhibit A.  These redactions covered section of the guidelines titled "Underwriting Guidelines - Overview" and pages related to its underwriting of certain "Non Sport Risks."  The general process that HCC used to underwrite Roc Nation's claim, *ab initio*, relevant to Roc Nation's breach of contract and bad faith claims because it will show (1) whether HCC's understanding and representation of the risks before Mr. Feldstein's death changed after Roc Nation submitted its claim.  It is also relevant to HCC's 26th affirmative defense, and which representations in the application were made and/or material to the underwriting of the policy.

When asked on the meet and confer call why the information was redacted, HCC stonewalled again, stating that Roc Nation would see why in the privilege log.  When pressed (because this issue was specifically noticed for discussion), HCC stated that the redacted sections were "not responsive."

This is not a proper basis for unilateral redaction of responsive documents. Not only do the redactions likely cover information that is germane to Roc Nation's claims, the piecemeal redaction of otherwise responsive documents is an unacceptable practice in this District.[2] Redactions are further unwarranted here because there is a confidentiality order in this matter which is more than adequate to protect against the unauthorized disclosure of any confidential information. Roc Nation requests an order requiring HCC to re-produce this document without redaction.

3. **HCC's Withholding of "Hundreds" of Responsive Documents Without Producing a Privilege Log**

HCC made its first substantive production in October 2019 and made a second smaller supplement production of 33 documents in November 2019.  However, on the January 24, 2020 meet and confer call, HCC first disclosed that it withheld "hundreds" of responsive documents based on privilege.  Then, HCC stated that could not be provide a privilege log in less than two weeks, because the documents had to be reviewed.  It seemed as if HCC had no intention on providing a log until asked directly.[3]

This is particularly concerning given that (1) Roc Nation did not issue requests that generally touch on privileged information, (2) HCC has asserted a "privilege" of non-responsiveness in connection with its underwriting policy (discussed above), and (3) there should be no need to re-review documents if HCC had actually deemed the responsive documents to be privileged.  Roc Nation requests an order requiring HCC to produce all documents that are not attorney client communications or privileged work product, and to provide a privilege log on shortened time.

Very truly yours,
/s/ *Amber Finch*
Amber S. Finch

---

[2] *See John Wiley & Sons, Inc. v. Book Dog Books*, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege"); *see also In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context").

[3] Privilege logs are required under Local Civil Rule 26.2 absent a different agreement by the parties.

The Court has received defendant's letter raising a discovery dispute, Dkt. 70, along with plaintiff's response, Dkt. 72. The Court has also received this letter, from plaintiff, raising a second discovery dispute. Dkt. 75. Defendant's response to this second discovery dispute, if any, is due Friday, February 7, 2020. At that point, the Court will address both disputes.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

February 5, 2020