UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROC NATION LLC, *a Delaware Limited Liability Company*,

                              Plaintiff,

-v-

HCC INTERNATIONAL INSURANCE COMPANY, PLC, *a United Kingdom-Domiciled Insurance Company*,

                              Defendant.

19 Civ. 554 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

        The Court has reviewed plaintiff Roc Nation's letters, Dkts. 72, 75, 81, and defendant HCC's letters, Dkts. 70, 82, along with the parties' attached exhibits, addressing recent discovery disputes. The Court resolves these disputes as follows:

        1.     HCC asks the Court to compel Roc Nation to respond to its demands for production. Roc Nation states that it has made three supplemental productions since the filing of HCC's letter, consisting of documents, a privilege log, revenue reports, Roc Nation's general ledger from 2016 through 2018, and a bank statement. As a result, HCC's request is moot. The parties are encouraged to meet and confer as to any disputes that may arise in the future.

        2.     HCC also asks the Court to impose sanctions on Roc Nation for its lack of responsiveness to discovery requests. The Court declines to do so. The Court is mindful that the parties have met and conferred and have negotiated as to the scope of HCC's requests for production. In addition, Roc Nation has also made several productions since the filing of HCC's initial letter. As a result, sanctions are not warranted at this time.

3. Roc Nation requests that HCC supplement its response to Roc Nation's Interrogatory No. 9, which requests "the formula" that HCC "contend[s] must be used to calculate the value of ROC NATION's CLAIM." HCC has provided Roc Nation with a formula, although not with all of the monetary inputs for that formula. Because this is a contention interrogatory, HCC is not required to answer fully until the end of discovery. *See* Fed. R. Civ. P. 33(a)(2). At the end of discovery, if HCC has not by then supplied the inputs requested, Roc Nation may renew its request and arguments as to why it believes that HCC must provide further information in response to this interrogatory.

4. Roc Nation requests that HCC provide an unredacted version of its "Accident & Health Portfolio; Underwriting & Rating Guidelines" (the "Guidelines"). HCC objects that the redacted portions of the Guidelines involve areas of HCC's business that are unrelated to this dispute and are thus not responsive to Roc Nation's request for HCC's underwriting policies and procedures. The Court has reviewed both the redacted version of the Guidelines that HCC supplied to Roc Nation, Dkt. 79, and the unredacted version that HCC provided the Court *ex parte*, Dkt. 80. The Court orders HCC to provide Roc Nation with an unredacted version of pages 3 and 4 of the Guidelines (the section entitled "Underwriting Guidelines – Overview"). The balance of the Guidelines remains properly redacted, as it is unrelated to the dispute in this case.

5. Roc Nation initially requested that HCC provide a privilege log for "hundreds" of responsive documents that it had withheld. HCC has since produced a 274-page privilege log. As a result, Roc Nation's request is moot. The parties are instructed that if they intend to withhold documents in the future, they must produce a corresponding privilege log at the time of such withholding.

The Court respectfully requests that the Clerk of Court terminate the motions pending at dockets 70, 73, and 75. The Court expects the parties henceforth to resolve their differences as to discovery collegially, without repeated requests to the Court to referee tiffs. Counsel in nearly all other civil litigations before the Court have proven capable of collegial resolutions of such disputes.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 12, 2020
New York, New York