UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ROC NATION LLC, *a Delaware Limited Liability Company*,

                                      Plaintiff,

                     -v-

HCC INTERNATIONAL INSURANCE COMPANY, PLC, *a United Kingdom-Domiciled Insurance Company*,

                                    Defendant.

19 Civ. 554 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

       The Court has reviewed letters from the parties concerning two recent discovery disputes and resolves those disputes as follows.

       1.     *The First Dispute*. The first dispute concerns Roc Nation's request that HCC produce documents in response to seven requests for production relating to other critical asset protection policies that HCC has issued and how HCC has interpreted those policies. *See* Dkts. 97 ("RN Letter 1"), 104 (under-seal response from HCC) ("HCC Response 1").

       As to this dispute, the Court orders HCC to respond to Roc Nation's third request for production (concerning whether, by whom, and how many claims were tendered to HCC on critical asset protection policies) and fourth request for production (concerning claims analyses by HCC for claims tendered to HCC on these policies). *See* RN Letter 1, Ex. A (Roc Nation's requests for production) at 5. HCC may redact identifying information about the holder of the insurance policy, but should provide general information about the holder, such as its size and industry. These documents will allow Roc Nation to assess how HCC has interpreted claims under similar policies in the past, which is relevant to Roc Nation's breach of contract claim and

its insurer bad faith claim. However, the remaining requests for production—relating to all critical asset protection policies that HCC has issued from 2010 to 2020, all investigative requests from HCC concerning those policies, all communications to the policy holders concerning policy terms, and all litigation documents about those policies—are less relevant to Roc Nation's claims. The Court is unpersuaded that the information sought in these requests regarding the policies of other insureds is germane. And, even if such materials were marginally germane, the burdens of discovery into these areas are disproportionate to the productive value of undertaking such discovery.

2.  *The Second Dispute*. The second dispute concerns Roc Nation's request that HCC produce documents that HCC asserts are privileged. *See* Dkts. 100 (under-seal letter from Roc Nation) ("RN Letter 2"), 101 (redacted letter from Roc Nation), 106 ("HCC Response 2"), 107 (under-seal HCC exhibit).

The first category of disputed documents entails communications between HCC and its attorneys from Vogrin Frimet that occurred before HCC denied Roc Nation's insurance claim, including all the documents in Appendix A of Roc Nation's letter and the pre-denial communication documents in Appendix C. *See* RN Letter 2 at 1–2; *see also id.* at 4 (appendix). Roc Nation contends that the Vogrin Frimet attorneys were investigating its insurance claim, *see* RN Letter 2 at 1–2, while HCC asserts that these attorneys were providing legal advice and not investigating the claim, *see* HCC Response 2 at 1. This distinction is significant because "[d]ocuments prepared in the ordinary course of an insurer's investigation of whether to pay or deny a claim are not privileged, and do not become so 'merely because [the] investigation was conducted by an attorney.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. TransCanada Energy USA, Inc.*, 990 N.Y.S.2d 510, 511–12 (1st Dep't 2014) (alteration in original) (quoting *Brooklyn*

*Union Gas Co. v. Am. Home Assurance Co.*, 803 N.Y.S.2d 532, 534 (1st Dep't 2005)). To enable the Court informedly to resolve this dispute, the Court is constrained to order HCC to produce unredacted versions of all documents falling within this category—including those that it has refused to produce to Roc Nation and those that it has produced in redacted form—*ex parte* to the Court by 5 p.m. on Monday, April 13, 2020. These documents should be emailed as attachments to the Court's Chambers email address at EngelmayerNYSDChambers@nysd.uscourts.gov. The Court will then conduct an *in camera* review of the documents.

The second category of disputed documents entails communications that HCC has logged as privileged without an attorney sender or recipient, including all those documents in Appendix B of Roc Nation's letter and the communications without an attorney sender or recipient in Appendix C. *See* RN Letter 2 at 2–3; *see also id.* at 4 (appendix). Aside from the documents that HCC has already produced to Roc Nation, *see* HCC Response 2 at 2, the Court orders HCC to submit redacted versions of these documents to Roc Nation, with the redactions tightly limited to the clearly privileged portions of the documents concerning legal advice from counsel. The Court expects HCC, in redacting, not to overreach in its assertions of privilege. As to the issue of attachments to emails, HCC cannot assert that attachments are automatically privileged—even if attached to a privileged email—and must produce such attachments unless they themselves contain or refer to legal advice. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 599–600 (S.D.N.Y. 2015) (allowing party to withhold attachments as privileged because they referred to legal advice); *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 40 N.Y.S.3d 723, 732–33 (Sup. Ct., N.Y. County 2016) (explaining that attachments are not automatically privileged and requiring production of business records attached to privileged

emails). HCC must produce these newly redacted documents, and non-privileged attachments, to Roc Nation by 5 p.m. on Monday, April 13, 2020.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 8, 2020
       New York, New York