UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROC NATION LLC, *a Delaware Limited Liability Company*,

                                  Plaintiff,

-v-

HCC INTERNATIONAL INSURANCE COMPANY, PLC, *a United Kingdom-Domiciled Insurance Company*,

                                  Defendant.

19 Civ. 554 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed letters from the parties raising two recent discovery disputes—one concerning HCC's request for letters rogatory and one concerning Roc Nation's invocation of privilege—and resolves those disputes as follows.

1.     *The Letters Rogatory Dispute*:  On May 29, 2020, HCC filed a motion for letters of request to be issued to the United Kingdom to direct Bretton Woods International, Ltd. ("Bretton Woods")—the broker that helped to place Roc Nation's insurance policy with HCC's London office—to produce documents, as well as its managing director for a deposition.  *See* Dkt. 119-1 at 2, 4.  Roc Nation opposed this request, in both public, Dkt. 126, and sealed, Dkt. 127, filings.  Roc Nation principally argues that HCC's request is untimely.  The Court agrees.

HCC's made its request long after the appropriate time for such a motion.  After a two-month extension, Dkts. 66, 68, written fact discovery ended on March 31, 2020—two and a half months ago.  *See* Dkt. 98.  HCC's motion, which contains a request for documents, should have been made before that deadline.  Further, deposition discovery for all but six witnesses closed on April 30, 2020.  *See* Dkts. 98, 114.  It does not appear that Bretton Woods' managing director

was among the six witnesses whom the Court permitted to be deposed before the extended deadline of May 29, 2020.  *See* Dkt. 114.  As such, HCC's request for the managing director's deposition needed to occur, at the latest, before April 30, 2020.

It is not unfair to HCC to impose these firm discovery deadlines.  HCC was aware of the potential for international discovery related to Bretton Woods from the beginning of this suit.  In fact, at the initial pretrial conference on July 11, 2019, HCC fronted for the Court that the suit had "a London component" and that it may need to depose the "London underwriters," *i.e.*, Bretton Woods.  Dkt. 126-7 (conference transcript) at 30–31.  Further, HCC knew that obtaining evidence from Bretton Woods would likely entail the time-consuming process of submitting letters of request:  When Roc Nation issued a notice of subpoena to Bretton Woods on March 9, 2020, HCC claimed the subpoena was insufficient because Roc Nation needed to obtain letters rogatory to compel Bretton Woods to produce evidence.  Dkt. 126 at 7.  HCC does not offer any explanation for why it has delayed in bringing its own request for letters rogatory.

Because of its clear untimeliness, the Court denies HCC's motion for letters rogatory.

2. *The Privilege Disputes*:  HCC first raised this dispute on May 27, 2020, with a letter motion requesting to seal its motion for discovery.  *See* Dkts. 116–17.  On May 29, 2020, the Court denied that request, without prejudice, based on its lack of tailoring, and ordered HCC to-refile its letter motion and attached exhibits by June 2, 2020.  Dkt. 118.  HCC did so:  On June 2, 2020, it made both public, Dkt. 124, and sealed, Dkt. 123, filings.  On June 5, 2020, Roc Nation opposed HCC's request, also in public, Dkt. 131, and sealed, Dkt. 132, filings.  Andrew Kupinse, Esq., Dkt. 133, and Hal Blackman, Dkt. 134, joined in Roc Nation's opposition.

HCC raises two privilege-related disputes.  It argues that (1) Roc Nation must disclose the communications between Kupinse, outside counsel for Roc Nation, and Blackman, an

insurance broker, as to which Roc Nation has asserted privilege; and (2) Roc Nation must disclose its communications with Live Nation (its parent) and Artist Nation (another subsidiary of Live Nation), to which Roc Nation has asserted the common interest privilege. *See* Dkt. 124 at 1–3. The Court addresses each dispute in turn.

As to the first dispute, the Court finds that Roc Nation's invocation of privilege covers the communications between Kupinse and Blackman at issue here. Roc Nation did not assert privilege as to Kupinse's communications with Blackman about the placement of Roc Nation's insurance policy. Dkt. 131 at 3; *see also* Dkt. 131-13 ("Kupinse Decl.") ¶ 8. Instead, its sole privilege claim covers Kupinse's communications with Blackman wherein Kupinse was attempting to understand the insurance market in London to enable him to provide legal advice to Roc Nation. Dkt. 131 at 3; *see also* Kupinse Decl. ¶¶ 5–6. Further, although Blackman's testimony is less than pellucid on this point, he did attest that he was both acting as Roc Nation's broker and "consulting with Roc [Nation] as well" as an expert. *See* Dkt. 131-8 (Blackman deposition transcript) at 261. The Court thus finds that Kupinse's communications with Blackman made for the purpose of informing Kupinse's legal advice to Roc Nation are properly privileged.

Separately, as to this portion of the privilege dispute, HCC's bid for relief is untimely. Roc Nation first asserted privilege as to Blackman on February 19, 2020, and Kupinse asserted privilege in filings with this Court on March 12, 2020, *see* Dkts. 88–89. *See* Dkt. 131 at 1–2. HCC could have raised these privilege issues before the close of written fact discovery on March 31, 2020. The privilege issues should have crystalized further with Kupinse's filing of a privilege log on April 10, 2020 and Blackman's deposition on April 22, 2020. *Id.* at 2. As such,

HCC should have raised these issues long before May 27, 2020, but it did not do so, nor has it offered an explanation for its tardiness.

Accordingly, on both the merits and based on untimeliness, the Court denies HCC's request for disclosure of communications between Kupinse and Blackman.

As to the second dispute concerning Roc Nation's invocation of the common interest privilege, such invocation too is proper. In its response letter, Roc Nation clarified that it was asserting the privilege in relation to *Artist* Nation, not *Live* Nation. *See* Dkt. 131 at 3. Roc Nation and Artist Nation are both subsidiaries of Live Nation and were the remaining stakeholders in CAM. *Id.* The Court finds that Roc Nation's interests were sufficiently aligned with Artist Nation to make the common interest privilege appropriate, and any presence by Live Nation in negotiations involving both Roc Nation and Artist Nation does not destroy that privilege.

The Court therefore denies HCC's request for disclosure of communications between Roc Nation and Artist Nation. For avoidance of doubt, Roc Nation has not presented evidence that the common interest privilege invoked here extends generally to its communications with Live Nation.

**CONCLUSION**

For the foregoing reasons, the Court denies HCC's motions for discovery in full. Because all discovery has concluded, the Court expects this will be the last discovery dispute it is called upon to referee. The Clerk of Court is respectfully directed to terminate the motions pending at dockets 117, 119, 123, and 124.

SO ORDERED.

                                                            *Paul A. Engelmayer*
                                                            PAUL A. ENGELMAYER
                                                           United States District Judge

Dated: June 15, 2020
       New York, New York