

**Driving progress
through partnership**

**Amber S. Finch**
Direct Phone:  +1 213 457 8046
Email:  afinch@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
+1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

July 23, 2020

Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square; Courtroom: 1305
New York, NY 10007

**RE:**   ***Roc Nation, LLC v. HCC International Insurance Company, PLC**; Case No.: 1:19-cv-00554*

Dear Judge Engelmayer:

The Parties jointly request permission, pursuant to Section 4(B) of Your Honor's Individual Rules and Practices, to redact and to file under seal a number of exhibits to the Parties' Joint Statement of Undisputed Facts and corresponding Joint Appendix [ECF No. 162 and 162-1] (collectively, the "Joint Statement of Facts").  On July 21, 2020, the Court granted the Parties' joint request to file the Joint Statement of Facts under seal [ECF No. 163], and the Parties' request herein is consistent with those redactions previously granted by the Court.

The Stipulated Confidentiality Agreement and Protective Order in this case [ECF No. 43] (the "Protective Order") allows counsel to designate deposition testimony as Confidential under Section 4.  This obligates the party to file that confidential testimony under seal.  The Joint Statement of Facts attaches excerpts from six (6) deposition transcripts each marked confidential: Exhibits 1, 5,-6, 11, 17-18, 20 and 67.

Documents 2-4, 7-10, 12, 15-16, 19, 21-35, 39, 41-42, 45-47, 50-51, 53-72 also include confidential proprietary information of Roc Nation, including highly sensitive accounting and other financial information, clients lists, values asserted in confidential settlement discussions, and confidential agreements revealing private information of third parties not involved in this action.  Additionally, some of these Documents were produced by third parties with the understanding that they would be designated as confidential pursuant to the Protective Order.  The Parties' request to file those Documents under seal reflect an attempt to comply with those third parties' expectations under the terms of the Protective Order.

Similarly, Section 2 of the Protective Order permits any party to designate documents as "Confidential" where necessary to protect its interests in proprietary or otherwise sensitive non-public information.  The above-referenced Documents all satisfy this requirement, containing confidential business information of Roc Nation that was never intended to be disclosed publically or to Roc Nation's industry competitors.

Additionally, Documents 74, 75, and 76 are HCC's interrogatory responses, which include references to and summaries of proprietary and non-public financial information that was exchanged as confidential pursuant to the Protective Order in this case.

The Parties also request to file Documents 38 and 43 under seal, which are the Amended Death Certificate and autopsy report of Jordan Feldstein, and which contain private personal information concerning a non-party that Roc Nation does not have authority to disclose publically.  Both Documents had also been marked confidential pursuant to the Protective Order.

Good cause exists for granting this request.  The request is submitted under the terms and for the reasons

ReedSmith

Hon. Paul A. Engelmayer
July 23, 2020
Page 2

set forth the Protective Order, and the parties understood that their confidentiality designations would apply when they were exchanging information and taking depositions in order to avoid objections preventing the disclosure of material that would be relevant in discovery and for settlement discussions, but which the parties would not agree to make publically available.  Furthermore, the Parties have attempted to narrow this request to the extent possible.

Very truly yours,
/s/ *Amber Finch*
Amber S. Finch
Reed Smith LLP
*Attorney for Plaintiff, Roc Nation, LLC*

/s/ George J. Vogrin
George J. Vogrin
Vogrin & Frimet LLP
*Attorney for Defendant, Houston Casualty Company*

Granted.  However, the parties are advised that these exhibits are not needed to allow the Court to consider the Joint Statement of Undisputed Facts when resolving the motions for summary judgment.  The parties' stipulation to the facts is sufficient, without corresponding evidence, to enable such consideration.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

July 27, 2020